**Akbal Singh NIJJAR, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 09–71650.

United States Court of Appeals, Ninth Circuit.

Submitted June 26, 2012.*

Filed July 9, 2012.

Teresa Salazar–Cosmos, Daly City, CA, for Petitioner.

Liza Murcia, David V. Bernal, Assistant Director, Jennifer Paisner Williams, DOJ—U.S. Department Of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

*See* Fed. R.App. P. 34(a)(2).

Before: SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

### MEMORANDUM **

Akbal Singh Nijjar, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir.2010), and we deny the petition for review.

The BIA did not abuse its discretion in denying Nijjar's second motion to reopen as untimely and number-barred where the successive motion was filed nearly six years after the BIA's final decision, *see* 8 C.F.R. § 1003.2(c)(2), and Nijjar failed to demonstrate changed circumstances in India to qualify for the regulatory exception to the time and number limitations, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *Najmabadi*, 597 F.3d at 988–89.

We reject Nijjar's contention that the BIA did not adequately examine his evidence. *See Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir.2006) (finding petitioner had not overcome the presumption that the BIA reviewed the record); *see also Najmabadi*, 597 F.3d at 990 (the BIA "does not have to write an exegesis on every contention"). Further, Nijjar's contentions that the BIA failed to apply the proper legal standard or address his claim

for relief under the Convention Against Torture are belied by the record.

**PETITION FOR REVIEW DENIED.**

Before: SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).